USDC S.
DOCUME
ELECTRO ICALLY FILED
DOC #:
DATE FILED: 2/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X
RACHEL MOLTNER,                   :    08 civ. 9257 (LAP)(AJP)
                                  :
              Plaintiff,          :    ORDER
                                  :
     v.                           :
                                  :
STARBUCKS COFFEE COMPANY a/k/a    :
STARBUCKS CORPORATION,            :
                                  :
              Defendant.          :
----------------------------------X

LORETTA A. PRESKA, United States District Judge:

Plaintiff commenced this personal injury negligence action on July 31, 2008 by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York. Pursuant to New York law, the Complaint did not include an <u>ad damnum</u> clause alleging a specific amount of damages. On August 1, 2009, Plaintiff served a copy of the Summons and Complaint on the store manager at Defendant's 1515 York Ave., New York, NY store and on the Secretary of State.

On August 26, 2008, along with its Answer, Defendant served a request on Plaintiff to provide "a supplemental demand for relief setting forth the total damages to which she deems herself entitled." On October 21, 2008, Plaintiff responded to Defendant's request by letter, in which Plaintiff

stated that "she is entitled to damages not to exceed the sum of $3 million."

On October 29, 2008, Defendant filed its Notice of Removal, pursuant to 28 U.S.C. § 1446(b)(2000), alleging that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.  On November 12, 2008, Plaintiff filed the present Motion to Remand, pursuant to 28 U.S.C. § 1447(c), arguing that Defendant's Notice of Removal was untimely filed.

For the reasons set forth below, Plaintiff's motion [dkt. no. 6] is DENIED.

**Discussion**

A notice of Removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  The Court of Appeals has interpreted the term "initial pleading" in the statute to mean any pleading "containing sufficient information to enable the defendant to intelligently ascertain the basis for removal" and not necessarily the complaint. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 198 (2d Cir. 2001). Furthermore, the statute "does not require a defendant to look beyond the initial pleading for facts giving rise to

2

removability." Id. at 206. "In cases where removal is based upon [28 U.S.C. § 1332] diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." Id. Accordingly, when a complaint alleges no amount in controversy, a defendant need not guess as to whether the Plaintiff's claim reaches the $75,000 threshold for 28 U.S.C. § 1332 diversity jurisdiction purposes, and may wait to file a notice of removal until the Plaintiff provides specific information about the amount in controversy. See Pinson v. Knoll, Inc., 07 Civ. 1739, 2007 WL 1771554, at *3, n.3 (S.D.N.Y. June 18, 2007).

Under New York law, a complaint asserting personal injury claims "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." See N.Y. C.P.L.R. § 3017(c) (McKinney 2008). Furthermore, a defendant, against whom a personal injury action is asserted in New York, "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled," and such demand "shall be provided by the party bringing the action within fifteen days of the request." Id.

This legal framework is consistent with the removal procedures outlined in § 1446(b) and Whitaker. New York law explicitly prescribes how a defendant should determine whether

3

the requisite jurisdictional facts for diversity jurisdiction are satisfied so that she may file a notice of removal under § 1446(b). Particularly because removal before the requisite jurisdictional facts are clearly established may warrant a remand under § 1447(c), see, e.g., Herrera v. Bird, 07 Civ. 4000, 2007 WL 2816187, at *1-2 (S.D.N.Y. Sept. 26, 2007), a defendant would be well advised to utilize the N.Y. C.P.L.R. § 3017(c) procedures and request a supplemental demand setting forth Plaintiff's total damages, before removing to federal court.

Here, Plaintiff's July 31, 2008 Complaint included no information as to the amount of damages Plaintiff was seeking and thus was not the initial pleading for § 1446(b) purposes. Plaintiff's Complaint is a mere 10 paragraphs and contains a brief description of Plaintiff's alleged injuries, hardly containing sufficient information for Defendant to determine one of the requisite diversity subject matter jurisdiction facts: that the amount in controversy is in excess of $75,000. Plaintiff's contention that Defendant's litigation savvy should have reasonably caused it to appreciate that the amount in controversy in this case is in excess of $75,000 is irrelevant for determining the timeliness of Defendant's Notice of Removal. The Whitaker test is applicable to this case: Plaintiff's Complaint did not provide the necessary

4

facts to support Defendant's removal petition and Defendant was not required to look beyond the language of the pleading for facts giving rise to removability. Whitaker, 261 F.3d at 206. The first time Plaintiff informed Defendant of the amount in controversy was in the October 21, 2008 letter. Defendant filed its Notice of Removal eight days later. Thus, removal was timely pursuant to § 1446(b).

Plaintiff's protestations that applying the Whitaker rule would allow defendants to feign ignorance as to jurisdictional facts and even wait until the eve of trail before filing a notice of removal is wrong because § 1446(b) explicitly precludes removing a case based on diversity jurisdiction more than one year after commencement of an action. Finally, I note that Plaintiff's counsel previously made these same arguments to Jude Patterson, in Pinson, and lost. All of Plaintiff's other arguments and cases are unavailing.

For the reasons set forth herein, Plaintiff's Motion [dkt. no. 6] is DENIED.[1]

Dated:  New York, New York
        February 26, 2009

        *[signature: Loretta A. Preska]*

        LORETTA A. PRESKA, U.S.D.J.

---

[1] I also conclude that this Court has subject matter jurisdiction over this dispute because the record establishes that Plaintiff seeks damages in excess of $75,000 and Plaintiff is a resident of New York and Defendant is a corporation organized under the laws of the state of Washington. Accordingly, jurisdiction is proper under 28 U.S.C. § 1332.

6